UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-00364-1 |
| | § | |
| CARLOS JAVIER ARELLANO | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL**

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The following requires detention of the defendant pending trial in this case:

(1)   There is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(A); and

(2)   The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The evidence against the defendant is substantial. The defendant admitted to case agents he was involved in drug trafficking. The findings and conclusions contained in paragraphs 1-6 of the Pretrial Services Report are adopted, supplemented by the testimony of HSI Agent Antonio Marin. The defendant admitted to HSI Agent Marin that he owned four thoroughbred race horses, purchased with proceeds of his drug trafficking business. The defendant failed to disclose his ownership of these horses to Pretrial Services or to the Court in his financial affidavit. He was not honest with the

court about his assets, and the court doubts he will honest if he promises to appear and comply with conditions of release. In spite of being arrested in 2011 for transporting with intent to distribute over 1,000 kilograms of marihuana, the defendant continued with his criminal activities, including an unsuccessful attempt to smuggle undocumented aliens. The defendant is facing a ten-year minimum mandatory sentence, has documented ties with a Mexican drug cartel, and his girlfriend has made monthly trips into Mexico. The defendant is a poor bond risk and has not rebutted the presumption.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 14th day of May, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE